## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

                Plaintiff,

v.                                        Case No. 23-CR-809 KG

DIANA MARCIAL,

                Defendant.

### ORDER DENYING MOTION FOR SENTENCE
### REDUCTION PURSUANT TO 18 U.S.C § 3582(c)(2)

This matter comes before the Court upon Defendant Diana Marcial's Pro Se Motion for Reduction of Sentence brought under 18 U.S.C. § 3582(c)(2), for a reduction of imprisonment based on a guideline sentencing range that has subsequently been amended and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u). Having considered the Motion, the Response, the applicable law, the policy statement set forth at U.S.S.G. § 1B1.10, and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the Court denies the Motion.

On May 30, 2023, Ms. Marcial pled guilty to a two-count Information, charging: Possession with Intent to Distribute 50 Grams and More of a Mixture and Substance Containing Methamphetamine, Possession with Intent to Distribute 40 Grams and More of Fentanyl, and Aiding and Abetting, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 18 U.S.C. § 2. The Court imposed a stipulated sentence pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) on September 26, 2023, committing Ms. Marcial to the custody of the Bureau of Prisons for a term of 100 months. The sentence was below the sentencing range of 168–210

months based on a Total Offense Level 33 and Criminal History Category III.  The Presentence

Report, calculating the Total Offense Level and Criminal History Category, states:

### Offense Level Computation

23. The 2021 Guidelines Manual, incorporating all guideline amendments, was used to determine the defendant's offense level. USSG §1B1.11.

24. Counts 1 and 2 are grouped for guideline calculation purposes because the offense level is determined largely on the basis of the total amount of harm or loss, the quantity of a substance involved, or some other measure of aggregate harm, or if the offense behavior is ongoing or continuous in nature and the offense guideline is written to cover such behavior. USSG §3D1.2(d).

**Count Group 1: Possession with Intent to Distribute 50 Grams and More of a Mixture and Substance Containing Methamphetamine and Aiding and Abetting**

25. **Base Offense Level:** The guideline for a violation of 21 U.S.C. § 841(a)(1) is USSG §2D1.1. The base offense level is 32. USSG §2D1.1(a)(5).                    **32**

| Drug Name | Drug Quantity | Converted Drug Weight |
|-----------|---------------|-----------------------|
| Fentanyl | 469.98 gm | 1174.95 kg |
| Methamphetamine | 414.0 gm | 8280.00 kg |
| Total | | 9454.95 kg |

26. **Specific Offense Characteristics:** The offense involved the importation of amphetamine or methamphetamine or the manufacture of amphetamine or methamphetamine from listed chemicals that the defendant knew were imported unlawfully, and (B) the defendant is not subject to an adjustment under §3B1.2 (Mitigating Role), warranting a 2-level increase under §2D1.1(b)(5).          **+2**

27. **Victim Related Adjustment:** None.                                **0**

28. **Adjustment for Role in the Offense:** The defendant used or attempted to use a person less than eighteen years of age to commit the offense or assist in avoiding detection of, or apprehension for, the offense; therefore, increase by two levels. USSG §3B1.4.                                                        **+2**

29. **Adjustment for Obstruction of Justice:** None.                    **0**

30. **Adjusted Offense Level (Subtotal):**                              **36**

31. **Chapter Four Enhancement:** None.                                **0**

32. **Acceptance of Responsibility:** The defendant has clearly demonstrated acceptance of responsibility for the offense. Accordingly, the offense level is decreased by two levels under §3E1.1(a).                                                                                           **-2**

33. **Acceptance of Responsibility:** The defendant has assisted authorities in the investigation or prosecution of the defendant's own misconduct by timely notifying authorities of the intention to enter a plea of guilty. Accordingly, the offense level is decreased by one additional level under §3E1.1(b).                                           **-1**

34. **Total Offense Level:**                                                                                                   **33**

. . .

**Criminal History Computation**

40. The criminal convictions above result in a subtotal criminal history score of six.

41. The total criminal history score is six. According to the sentencing table in USSG Chapter 5, Part A, a criminal history score of six establishes a criminal history category of III.

*Presentence Report (PSR)* (Doc. 25) at 7–11.  As of the date of this order, Ms. Marcial has remained in custody.  However, since the date her sentence was imposed, the United States Sentencing Commission amended the Sentencing Guidelines, and those amendments became effective November 1, 2023.

The amendment that is relevant to Ms. Marcial is Part A, discussing the calculation of criminal history points, and addresses:

> "status points" for offenders, namely the additional criminal history points given to offenders for the fact of having committed the instant offense while under a criminal justice sentence. . . . Offenders with six or fewer criminal history points under subsection (a) through (d) will no longer receive "status points." . . . [T]he amendment also reduces from two points to one point the "status points" assessed for offenders to whom the revised provision applies.

U.S. Sentencing Guidelines Manual, Supp. to App. C, Amendment 821 at 240–41 (2023).  As shown above in the Criminal History Computation of the PSR, Ms. Marcial did not receive "status points" because she was not under a criminal justice sentence when she committed the

offense for which she was convicted.  (Doc. 25) at 11.  Therefore, Ms. Marcial is ineligible for a reduction based on the status point amendment in U.S.S.G. § 4A1.1(e).

Accordingly, Ms. Marcial's Motion is denied.  It is ORDERED that Ms. Marcial's previously imposed sentence remains the same and all provisions of the judgment entered September 26, 2023, (Doc. 30), shall remain in effect.

**IT IS SO ORDERED**.

UNITED STATES DISTRICT JUDGE