IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

v.  No. 2:23-cr-00809-KG

DIANA MARCIAL,

    Defendants.

## MEMORANDUM OPINION AND ORDER

    This matter is before the Court on Defendant Diana Marcial's motion for compassionate release from prison under 18 U.S.C. § 3582(c)(1)(A)(1). Doc. 38. The United States opposes the motion, and Defendant replied. Docs. 40–41. For the reasons below, the motion is denied.

    On May 30, 2023, Defendant pleaded guilty to possession with intent to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B), and possession with intent to distribute 40 grams or more of fentanyl, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B). Docs. 23–24. On September 26, 2023, the Court sentenced Defendant to 100 months of imprisonment and four years of supervised release. Docs. 29–30.

    Compassionate release under § 3582(c)(1)(A) is appropriate after exhausting administrative remedies only if (1) "extraordinary and compelling reasons warrant such a reduction" in sentence; (2) the "reduction is consistent with applicable policy statements issued by the Sentencing Commission"; and (3) the "court considers the factors set forth in § 3553(a), to the extent that they are applicable."[1] *United States v. McGee*, 992 F.3d 1035, 1042 (10th Cir.

---

[1] The parties agree that Defendant exhausted administrative remedies by seeking compassionate release before the Warden before filing this motion. Doc. 38 at 7–8; Doc. 40 at 3–4.

2021).  "[D]istrict courts may deny compassionate-release motions when any of the three prerequisites…is lacking and do not need to address the others."  *Id.* at 1043.

The Court denies Defendant's motion for compassionate release under the sentencing factors set out in 18 U.S.C. § 3553(a).  As to the nature and circumstances of the offense, Defendant was convicted of trafficking large amounts of deadly narcotics—methamphetamine and fentanyl—including personally arranging for the sale of drugs to undercover agents, using her 15-year-old son to deliver the drugs when she was unavailable, and even attempting to blame her minor son for her own illegal conduct.  Doc. 41 at 2–3, 11.  These factors weigh against compassionate release.

As to Defendant's history and characteristics, the Court is sympathetic to Defendant's family situation but agrees with the Government that the circumstances surrounding her children's lack of care preexisted her imprisonment and were brought about by her abuse and neglect of her children because of her problems with addiction.  *Id.* at 5–8; *see, e.g.*, *United States v. Madrid*, 735 F. Supp. 3d 1379, 1389 (D.N.M. 2024) ("[F]amilial hardships are typically the result of criminal conduct").  The Court has also considered Defendant's significant criminal history dating back to at least 2014 and her repeated abuse and endangerment of her children dating back to at least 2022.  Doc. 41 at 5–7, 9–10.  These factors, too, weigh against compassionate release.

As to the need for the sentence imposed, the Court notes that Defendant has not yet completed even 50% of her 100-month sentence and therefore concludes that compassionate release would not reflect the seriousness of the offenses, promote respect for the law, provide just punishment, deter other criminal conduct, and protect the public from further crimes of the Defendant.  *See* Doc. 38 at 3 (stating that Defendant's projected release date is February 23,

2030). The Court commends Defendant's rehabilitation efforts to date but concludes that, given Defendant's substantial history of criminal activity, abuse, and neglect, granting compassionate release at this stage would not provide Defendant with additional needed training and treatment in the most effective manner. *See id.* at 23–24.

As to the kinds of sentences available, the Court notes that Defendant's 100-month sentence was already significantly below the Guidelines recommended range of 168 to 210 months of imprisonment. *See* Doc. 41 at 12–13. The sentence already reflects leniency despite the serous nature of Defendant's criminal conduct, and these factors therefore also weigh against compassionate release.

Last, Defendant argues that she is entitled to compassionate release because of her "experiences at FCI Dublin and the retaliatory and abusive transfer to FCI Miami." Doc. 38 at 17. The Court, however, agrees with the Government that a "challenge to the conditions of confinement requires a civil rights action—not a compassionate release motion." *Madrid*, 735 F. Supp. 3d at 1392 (citing *Palma-Salazar v. Davis*, 677 F.3d 1031, 1035 (10th Cir. 2012)).

For these reasons, Defendant's motion for compassionate release (Doc. 38) is denied.

IT IS SO ORDERED.

/s/Kenneth J. Gonzales
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the Court's PACER public access system.